CUNNINGHAM (OLIVER v.). See Case No. 10,403.

---

## Case No. 3,485.

### CUNNINGHAM v. OTIS.

[1 Gall. 166.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

COMMISSIONS TO TAKE TESTIMONY ABROAD—PRACTICE IN GRANTING.

Practice as to granting commissions to take evidence in foreign countries. See 1 Greenl. Ev. §§ 320–326.

The tenant [Susannah Cunningham] moved for a special commission to Great Britain,

to take the deposition of John S. Copley, Esq., with instructions: (1) That the interrogatories should be filed in the court here by both parties, previous to the issuing of the commission. (2) That the commissioners should be directed not to admit any additional interrogatories. (3) That neither parties nor counsel should be permitted to appear before the commissioners. (4) That the witness in consideration of his great age, (75 years), should be allowed a friend to attend and assist him before the commissioners. The motion was grounded upon the facts contained in the return of the commissioners, as to the embarrassments, which arose in taking the deposition of the witness under a former commission, and the misunderstanding of the legal rights of the parties before them.

It was argued by the tenant's counsel, in support of the motion, that as there were no rules of this court on this subject, the rules in chancery formed proper precedents to be adopted. That in chancery, when a commission issued, the interrogatories were always considered in point of law, as filed at the issuing of the commission, though where the commission was to be executed within the realm, the practice had been relaxed, and it was held sufficient to file the interrogatories at the time of opening the commission, and they cited 1 Har. Ch. Pr. 323. But that this relaxation had never been extended to commissions to foreign countries, and for obvious reasons, as the interrogatories would be wholly without the power and control of the court, and grossly scandalous or impertinent matter might be contained therein.

The counsel for the demandant [Harrison G. Otis] contended, that the practice, as to filing interrogatories at the opening of the commission, and not before, was a reasonable practice, and founded in good sense, and was applicable to foreign, as well as domestic commissions. They cited Bart. Suit Ch. 170, and argued that there were peculiar circumstances, in this case, requiring such an indulgence.

Prescott, Davis & Blake, for demandant.

Otis, Dexter & Jackson, for tenant.

THE COURT (STORY, Circuit Justice, and DAVIS, District Judge) were of opinion, that the motion was to the discretion of the court. They had no doubt of the authority of the court to allow interrogatories or commissions to be filed at any time, when a proper case shown. In many case unless this were allowed, as to foreign countries, there would be a complete failure of justice. The rule, that these interrogatories should be filed here, was in general reasonable, as it preserved the decorum and propriety of the inquiries. Under all the circumstances of the present action, they granted the motion as to every part, but the fourth, and as to that, denied it.

---

CUNNINGHAM (UNITED STATES v.). See Case No. 14,850.

---

[1] [Reported by John Gallison, Esq.]